DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARGATE COMMUNITY REDEVELOPMENT AGENCY,** a
dependent district of the City of Margate, Florida, and
**THE CITY OF MARGATE, FLORIDA,**
Appellants,

v.

**NEW URBAN COMMUNITIES, LLC,** a Florida limited liability company,
Appellee.

No. 4D20-1763

[April 28, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case
No. CACE 18-004869(13).

Lyman H. Reynolds, Jr., of Roberts Reynolds Bedard & Tuzzio, PLLC,
West Palm Beach, for appellant City of Margate.

Michael T. Burke and Selena A. Gibson of Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellant Margate
Community Redevelopment Agency.

Michael W. Moskowitz and Ari J. Glazer of Moskowitz, Mandell, Salim
& Simowitz, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

We reverse the trial court's non-final order denying the Appellants'
motions to dismiss. We agree with the Appellants that the two tort claims
at issue are barred by sovereign immunity because they are premised on
the denial of a land use plan amendment, which is a discretionary
governmental function. *See Com. Carrier Corp. v. Indian River Cty.*, 371
So. 2d 1010, 1020 (Fla. 1979) (recognizing that the waiver of sovereign
immunity in section 768.28, Florida Statutes, does not extend to
"discretionary governmental functions"); *Trianon Park Condo. Ass'n, Inc. v.
City of Hialeah*, 468 So. 2d 912, 919 (Fla. 1985) ("Clearly, the legislature,
commissions, boards, city councils, and executive officers, by their
enactment of, or failure to enact, laws or regulations, or by their issuance

of, or refusal to issue, licenses, permits, variances or directives, are acting pursuant to basic governmental functions performed by the legislative or executive branches of government."); *City of Pembroke Pines v. Corr. Corp. of Am., Inc.*, 274 So. 3d 1105, 1113 (Fla. 4th DCA 2019) (recognizing case law "applying sovereign immunity to bar recovery of economic damages against a municipality for the denial of a development application").

We remand for the trial court to grant the motions to dismiss and dismiss the two tort counts at issue.

*Reversed and remanded with directions.*

GROSS, GERBER and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***